WO            NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alice Minch,<br><br>          Plaintiff,<br><br>v.<br><br>Arizona State Board of Nursing, *et al.*,<br><br>          Defendants. | No. CV-17-02525-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Alice Minch's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff fails to state a plausible claim on which this Court may grant relief.

## I.    LEGAL STANDARDS

### A.    28 U.S.C. § 1915(e)(2)

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

## II. ANALYSIS

### A. Pleading Requirements

Plaintiff's Complaint alleges that Defendants violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff on the basis of her religion. (Compl. 7–8.) Plaintiff has named as Defendants the Arizona State Board of Nursing and twenty individuals, all of whom Plaintiff lists as either current or former members of the Board. (Compl. 1–6.) Although the extent of Plaintiff's alleged injury is not entirely clear from the face of the Complaint, the Court construes the Complaint as challenging the revocation of Plaintiff's nursing license by Defendants. (Compl. 22.)

Title VII prohibits "employer[s]," "employment agenc[ies]," and "labor organizations" from discriminating on the basis of "race, color, religion, sex, or national

origin." 42 U.S.C § 2000e-2(a)-(c). The Act, however, further defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). As such, the plain text of Title VII indicates that it does not apply to professional licensing boards, such as the Arizona State Board of Nursing and its agents, when acting in a licensing capacity. *See Haddock v. Bd. of Dental Exam'rs*, 777 F.2d 462, 463–64 (9th Cir. 1985) ("The Board is neither an 'employer,' an 'employment agency,' nor a 'labor organization' within the meaning of the Act."). Plaintiff fails to allege that Defendants either paid her wages or engaged her services, nor does she allege that any employer-employee relationship has ever existed between the parties. Therefore, Plaintiff fails to state a cognizable claim against Defendants under Title VII. *See Haddock*, 777 F.2d at 464.

### B. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. See *Lopez*, 203 F.3d at 1127–30. Here, the Court will give Plaintiff an opportunity to amend her Complaint, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure.

For links to the Federal Rules of Civil Procedure and Local Rules as well as information about creating a complaint and filing it in this Court, Plaintiff may refer to the section entitled "For those Proceeding Without an Attorney" on the Court's website, www.azd.uscourts.gov.

**IT IS THEREFORE ORDERED** granting Plaintiff Alice Minch's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed.

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 21 days from the date of this Order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

Dated this 17th day of August, 2017.

Honorable John J. Tuchi
United States District Judge