# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alice Minch, | No. CV-17-2525-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona State Board of Nursing, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Alice Minch's Amended Complaint (Doc. 9, Am. Compl.). Upon screening Plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff fails to state a plausible claim for the following reasons.

**I.    LEGAL STANDARD**

   **A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*, Congress provides that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue," or that the "action or appeal" is "frivolous or malicious," or "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a

claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

## II. ANALYSIS

Upon reviewing Plaintiff's Amended Complaint, the Court finds that Plaintiff fails to comply with the Federal Rules of Civil Procedure 8. Plaintiff alleges in her Amended Complaint that she was deprived her of her nursing license without due process, naming as Defendants the Arizona State Board of Nursing ("SBN") and several unnamed members and employees. (Am. Compl. ¶¶ 1–3, 22, 24.) For her alleged injury, Plaintiff requests solely monetary damages. (Am. Compl. ¶ 26.) Thus, to the extent Plaintiff's claims lie against the Arizona State Board of Nursing, Plaintiff fails to state a claim. SBN is an arm of the State of Arizona and cannot be held liable for monetary damages under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

Turning to Plaintiff's individualized allegations, Plaintiff's Amended Complaint fails to satisfy the federal pleading requirements because Plaintiff fails to both name specific defendants and allege specific actions by those defendants. A plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants." Such group pleading fails to comply with Rule 8(a)(2) because it does not give fair notice of the claims against each Defendant with the requisite specificity.

*Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013). Plaintiff broadly claims that "each of defendants are members employees, and former members and former employees of the SBN." (Am. Compl. ¶ 3.) Yet, Plaintiff fails to make clear in the Amended Complaint precisely who these Defendants are and what actions by which Defendant give rise to liability under § 1983. Although Plaintiff discusses Administrative Law Judges ("ALJ") Tully, Mihalsky, and Douglas in her Amended Complaint, it is unclear whether these allegations serve to name the ALJs as Defendants or merely serve as portions of Plaintiff's allegations against the SBN. Nevertheless, such allegations fail to put any individual Defendant on notice of a claim that would entitle Plaintiff to relief. Therefore, Plaintiff's Amended Complaint is dismissed as it pertains to any individual Defendant.

### III. CONCLUSION

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Here, the Court will give the Plaintiff an opportunity to amend her complaint, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Amended Complaint (Doc. 9).

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 21 days from the date of this order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file her Second Amended Complaint, it may not be served on Defendants until and unless the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If and when the Court gives

. . . .

. . . .

. . . .

Plaintiff leave to serve a Second Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 16th day of November, 2017.

Honorable John J. Tuchi
United States District Judge